**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2177

UNITED STATES OF AMERICA,

Appellee,

v.

JUAN DE LOS SANTOS-MARTÍNEZ,

Defendant, Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fusté, U.S. District Judge]

Before

Torruella, Selya, and Howard, Circuit Judges.

Irma R. Valldejuli, on brief for defendant, appellant.
German A. Rieckehoff, Assistant United States Attorney,
Nelson Pérez-Sosa, Assistant United States Attorney, Chief,
Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States
Attorney, on brief for appellee.

September 22, 2006

**Per Curiam**.   Juan De Los Santos-Martínez ("De Los Santos"), an alien who pled guilty to illegal reentry in violation of 8 U.S.C. § 1326(a), challenges his sentence on the sole ground that, in sentencing him to the top of the applicable guideline range, the district court impermissibly "double-counted" factors that were also taken into account in calculating his criminal history category.  Specifically, De Los Santos faults the district court for relying, in large part,[1] on his prior illegal reentry conviction in concluding that he had no respect for the laws of the United States (and therefore rejecting the government's recommendation that he be sentenced at the bottom of the applicable guideline range) even though that prior conviction and its proximity to the instant offense were also reflected in his criminal history category.  Assuming that De Los Santos did not forfeit this ground for objection by not raising it below,[2] we reject it as a basis for invalidating the resulting sentence as

---

[1]The district court also relied on De Los Santos's "mak[ing] up excuses as to why he came [back to the United States]" after twice being deported even though "[he] knew he could not come again," and commented adversely on this pattern of misconduct by saying that "we don't need this kind of situation in this country."

[2]In the district court, De Los Santos argued only that his violation of the conditions of his supervised release for the prior illegal reentry conviction would be taken into account in a pending revocation proceeding in the earlier case.  In fact, however, the record of the earlier case indicates that no action was taken on the violation.  Accordingly, to the extent that De Los Santos presses that argument here, we reject it.

unreasonable under United States v. Booker, 543 U.S. 220, 261 (2005).

Some overlap between the guidelines and the other sentencing factors enumerated in 18 U.S.C. § 3553(a) is neither surprising nor impermissible since Congress directed the Sentencing Commission to take into account many of the same factors in constructing the guidelines that it directed sentencing courts to consider, along with the guidelines, in sentencing individual defendants. Compare 28 U.S.C. § 994 with 18 U.S.C. § 3553(a). As we recently reiterated in rejecting a double-counting objection to a guideline calculation, "'Sentencing factors do not come in hermetically sealed packages, neatly wrapped and segregated one from another. Rather, several factors may draw upon the same nucleus of operative facts while nonetheless responding to discrete concerns. Consequently, a degree of relatedness, without more, does not comprise double counting.'" United States v. Wallace, No. 05-1142, 2006 WL 2336923, *16 (1st Cir. Aug. 14, 2006) (quoting United States v. Lilly, 13 F.3d 15, 19 (1st Cir. 1994)). The same is true of overlap between the guidelines and the statutory sentencing factors. See United States v. Scherrer, 444 F.3d 91, 93 (1st Cir. 2006) (en banc) (rejecting an argument that considering the nature of the offense in imposing an above-guidelines sentence impermissibly double-counted factors already taken into account in calculating the defendant's offense level under the guidelines).

Therefore, we see nothing unreasonable about the district court's imposing a higher sentence than the government recommended based largely on De Los Santos's prior illegal reentry conviction, even though that conviction and its proximity in time to the recent offense were also reflected in his criminal history category. Nor does the resulting 16-month, within-guidelines sentence strike us as unreasonably long for this repeated felony offense.

Affirmed. See 1st Cir. R. 27(c).